Abraham J. Gellinoff, J.
Plaintiffs’ motion for summary judgment presents the issue whether the Jones Act (US Code, tit 46, § 688) is applicable to the shipboard accident involved herein. The Jones Act dispenses with the need to show negligence in order to recover for injuries caused by equipment malfunction aboard a vessel. Defendant, in opposition, asserts that the law of Greece, rather than the Jones Act, governs.
The Lash Italia, owned by defendant, an American corporation, and registered in the United States, was moored at a dock in Piraeus, Greece, on July 12, 1971. Plaintiffs, em *615 ployees of the Piraeus Port Authority, apparently an agency of the Greek government, were aboard the vessel to operate various cranes. One crane malfunctioned, causing injuries. Plaintiffs base their claim that the Jones Act applies upon the concept that the "Law of the Flag” governs any activity aboard a vessel, regardless of its location at the time.
The Supreme Court of the United States, however, has rejected blind obeisance to the "Law of the Flag” in accident cases, in favor of a choice of law based upon a grouping of contacts (Lauritzen v Larsen, 345 US 571, 583-593; Hellenic Lines v Rhoditis, 398 US 306, 308-309; cf., Auten v Auten, 308 NY 155; Babcock v Jackson, 12 NY2d 473). The "Law of the Flag”, which is "perhaps the most venerable and universal rule of maritime law” (Lauritzen v Larsen, 345 US 571, 548, supra), has the salutary effect of providing certainty as to the law which governs aboard ship when it is on the high seas, or even on the navigable waters within a foreign nation. But, as the Supreme Court recognized in Lauritzen (p 585): "Some authorities reject, as a rather mischievous fiction, the doctrine that a ship is constructively a floating part of the flag-state”.
This objection becomes more cogent when the doctrine is sought to be applied not to a "floating part of the flag-state,” (Cunard S.S. Co. v Mellon, 262 US 100, 123) but to a ship moored to a foreign port, especially in cases not involving "matters of discipline and all things done on board which affected only the vessel or those belonging to her” (United States v Flores, 289 US 137, 158; Cunard S.S. Co. v Mellon, supra, quoted with approval in Lauritzen v Larsen, 345 US 571, 585, supra). The rationale for applying the "Law of the Flag” becomes weaker still when the incident involved concerns local residents at the port rather than the ship’s crew. This is especially so in the case of dock employees; for, as Mr. Justice Holmes explained, in holding American law applicable to an American longshoreman injured while on a German vessel being unloaded in New York: "There is a strong reason for giving the same protection to the person of those who work in our harbors when they are working upon a German ship that they would receive when working upon an American ship in the next dock, as is especially obvious in the case of stevedores who may be employed in unloading vessels of half a dozen different flags in turn” (Uravic v Jarka Co., 282 US 234, 238-9).
The facts of Uravic, of course, are precisely the converse of *616 those of the instant case, and Justice Holmes’ reasoning would compel application of Greek law here.
In Lauritzen, the Supreme Court listed (pp 583-591) seven factors to be considered in cases such as the present one: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of a foreign forum; and (7) the law of the forum (see, Hellenic Lines v Rhoditis, 398 US 306, 308, supra).
In the instant case, only the nationality of the ship and its owner, and the forum, are American. Every other contact is with Greece. The accident occurred on a ship moored to a Greek dock, and the injury was to Greek nationals; indeed, plaintiffs were not employed by defendant, but by a Greek Port Authority. And there has been no allegation here that Greece is an inaccessible forum.
Upon all the facts of this case, the court concludes that the fortuitous happening of this accident aboard an American ship, instead of on any other that might have been berthed at the same port at the same time, should not create different rights on behalf of Greek longshoremen, employed by Greece, working in a Greek port.
Accordingly, the court finds that the law of Greece governs this case, and that the Jones Act is inapplicable. There having been no showing that the law of Greece provides a rule of liability without fault, plaintiffs’ motion for summary judgment is denied.